```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,            :
                                     :    18-cr-387-1 (JSR)
         -v-                         :
                                     :    MEMORANDUM ORDER
RAFEL CONCEPCION,                    :
                                     :
         Defendant.                  :
                                     :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Before the Court are Defendant Rafael Concepcion's motions to vacate, set aside, or correct his sentence under 22 U.S.C. § 2255.

Concepcion sent a letter to the Court dated March 23, 2020, ECF No. 79, indicating that he sought to file such a motion and requesting that the Court unseal the sealed portions of the transcript of the October 1, 2018 change-of-plea hearing. The Court accordingly released the full transcript to Concepcion and the Government. On May 18 and June 9, 2020, Concepcion filed the motions at bar. ECF Nos. 80, 81. The Court ordered the Government to respond, and it did so on June 17, 2020. ECF No. 82. Concepcion replied on July 8, 2020. ECF No. 85.

## BACKGROUND

Concepcion's motion relates largely to the change-of-plea hearing on October 1, 2018. During that hearing, the Court asked a series of questions to assure itself that Concepcion's decision to change his plea was knowing, voluntary, and uncoerced; that a

1

guilty plea would be supported by sufficient evidence; and that he had received adequate representation.

Concepcion was unsatisfied with his attorney. He raised two principal objections. First, he explained that "there are certain things that [counsel] didn't see in my discovery, and he would have had to sit down with me to be able to take a look at them." Change of Plea Hearing Tr., ECF No. 48, at 7.[1] To the same effect, but much later in the proceeding, Concepcion added that "Saturday was the only day on which we reviewed the discovery together." Id. at 23. Concepcion's second objection was that his attorney "never paid any mind to [him]" when he told his attorney that he "was not involved, that [he] was not guilty, and that they were involving [him] in this drug thing." Id. at 8-9. The Court asked Marlon Kirton, Concepcion's attorney, "[D]o you want to say anything about this?" Id. at 9. Kirton responded that he could not "reveal any prior communications" with his client and that his client's answers "are what they are." Id. The Court then excused the Government and sealed the courtroom.

    The Court began the sealed proceeding by finding that

> when a client asks for new counsel, to that extent he is waiving privilege, but of course, everything [counsel is] about to tell me [and] everything [the defendant is] about to tell me will be kept secret from the rest of the world. But privilege is, in that limited sense, waived, so tell me.

---

[1] Citations to ECF No. 48, the change-of-plea hearing, refer to the transcript page number, not to the ECF page number.

2

Id. at 11 (sealed). Kirton asked if the Court was ordering him to disclose prior communications. Id. Before responding, the Court inquired of Concepcion whether the Court correctly understood that he was asserting that he was "innocent of these charges." Id. Concepcion confirmed, "I am innocent of the accusation against me." Id. The Court then found, "Mr. Kirton, that is, in effect, an allegation against you, so you need to protect yourself by telling me whatever you want to tell me, including any otherwise privileged material, but it will be kept under seal." Id. at 12 (sealed). Kirton then disclosed the contents of privileged conversations with his client.

Thereafter, the Court opined,

> I haven't heard anything that indicates to me that your attorney hasn't been doing everything that a good attorney should do. He has appeared before me many times and has always impressed the Court with the zealousness of his representation of his clients, so I'm getting the feeling that the problem you really have is that you were hoping for a better deal . . . .

Id. at 15 (sealed).

Separately, the Court stated at several points that it "cannot and will not accept a plea of guilty from someone who is innocent, so if you are, in fact, innocent, that's the end of the matter." Id. at 14 (sealed). To that end, the Court inquired into the sufficiency of the evidence. The Court first reminded Concepcion of his right to remain silent: "What I'm hearing from you is that you're really not guilty. Tell me -- and you don't have to tell

3

me this, because you have a right to silence, but tell me, if you wish, what it is you did and did not do." Id. at 15 (sealed). Concepcion initially denied involvement in the transactions at issue and denied that he sold drugs at all. Id. at 15-16 (sealed). He also objected that certain information was not in "the phone calls that they have against me." Id. at 17 (sealed). The Court then asked defense counsel to describe certain phone calls identified in the complaint. Id. The Court asked Concepcion about those calls, and Concepcion responded that he "never saw those conversations . . . in the discovery." Id. at 18 (sealed). Concepcion's counsel explained, however, that he and his client had gone over the draft transcripts and listened to the audiotapes. Id. at 20 (sealed). The Court again asked Concepcion about those conversations, and Concepcion then admitted his guilt:

> THE COURT: You don't have to answer any of my questions, but if you want to, my question is why were you saying that there is a motorcycle with original parts and that Mr. Encarnacion should tell the guy to call him if he's interested? What did you mean by a motorcycle with original parts?
>
> THE DEFENDANT: It's OK. It's OK. I will plead guilty. Tell him that it's fine, that it was drugs.
>
> THE COURT: Well, was it?
>
> THE DEFENDANT: Yes, yes.

Id. at 21 (sealed).

The courtroom was unsealed. The Court found that "Mr. Concepcion has been very well represented by Mr. Kirton . . . [and

4

that] there is an adequate basis for taking a guilty plea in this case." Id. at 23. Then, in open court, Concepcion admitted that he sold drugs, id. at 24, and waived his right to an indictment, id. at 28-29. The Court asked how he would plead, and he said, "Guilty, so I can just get done with this." Id. at 37. The Court asked, "Are you pleading guilty because you are guilty?" Id. Concepcion answered, "Yes." Id. The Court accepted his plea and adjudged him guilty. Id. at 38.

## ANALYSIS

Concepcion now moves to set aside his sentence on three grounds. First, he argues that he received ineffective assistance of counsel because his counsel "fail[ed] to advise, act or recuse himself during change of plea and sentencing hearings when defendant clearly did not receive impartial and constitutionally acceptable help." ECF No. 80, at 4. The Court disagrees.

To prevail on a claim of ineffective assistance of counsel, a defendant must first show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668 (1984).

But as the Court expressly found at the plea hearing, Concepcion was very well represented both on and prior to that day. Concepcion said that the Complaint was read to him in Spanish. Change of Plea Hearing Tr., ECF No. 48, at 19. Although

5

Concepcion appeared to claim during the hearing that his counsel only met with him to go through discovery on one Saturday, Kirton said that they "listened to all the tapes" of recorded conversations, which was the Government's key evidence. Id. at 21 (sealed). The Court credits Kirton's representation. Kirton also filed a motion to suppress certain evidence. The Court previously recognized that the motion was "serious" and gave the defendant "some leverage in negotiating." Id. at 14 (sealed). Kirton used that leverage to good effect in negotiating the deal that Concepcion ultimately accepted. The Court concludes, as it did during the hearing, that up until the hearing itself, Kirton's representation of Concepcion significantly exceeded the constitutional minimum.[2]

Concepcion also had a right to counsel throughout the guilty plea hearing. This issue is fraught because Kirton bore ethical obligations to his client but, of necessity, also had to defend himself against accusations of impropriety. The Court must, therefore, carefully assess whether Kirton's continued representation of Concepcion during the hearing passed constitutional muster. The Court concludes that it did.

---

[2] Concepcion does not here reiterate his accusation during the hearing that Kirton failed to heed Concepcion's claims of actual innocence, and the Court finds that he could not plausibly do so, given the attorney-client communications Kirton disclosed, which, however, will not be referenced here.

To begin, the Court considers the fact that, during the sealed proceeding, Kirton revealed inculpatory attorney-client privileged communications with Concepcion. The Court stated during the sealed proceeding that "when a client asks for new counsel, to that extent he is waiving privilege . . . in [a] limited sense." Id. at 11 (sealed). This finding comports with a longstanding doctrine that "[w]hen [the defendant] enter[s] upon a line of defence which involved what transpired between herself and [her lawyer], and respecting which she testified, she waived her right to object to his giving his own account of the matter." Hunt v. Blackburn, 128 U.S. 464 (1888). As the Second Circuit has explained, "implied waiver may be found where the privilege holder asserts a claim that in fairness requires examination of protected communications[, such as when] the party attempts to use the privilege both as a shield and a sword." In re Grand Jury Proceedings, 219 F.3d 175, 182-83 (2d Cir. 2000). The question of implied waiver requires a case-by-case inquiry sounding in "whether fairness requires disclosure"; it "depends primarily on the specific context in which the privilege is asserted." Id. at 183.

The Court finds persuasive the Ninth Circuit's articulation of this doctrine in Bittaker v. Woodford, 331 F.3d 715, 720 (9th Cir. 2003), which comports with the Second Circuit's approach but provides further detail. The Ninth Circuit explains that the Court

7

must give the litigant "a choice" whether to litigate the claim that would require implied waiver. Bittaker, 331 F.3d at 720. The Ninth Circuit articulated three corollaries to this principle: First, "the court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it." Id. at 721. Second, "the holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition." Id. Third, "if a party complies with the court's conditions and turns over privileged materials, it is entitled to rely on the contours of the waiver the court imposes." Id.

The Court's approach in this matter followed the contours of the implied waiver doctrine under Second Circuit law, and as more thoroughly articulated in Bittaker. Fairness, and the Constitution, required the Court to ascertan the truth of Concepcion's allegation that his attorney never paid any mind to his claims of actual innocence. First, the Court "impose[d] a waiver no broader than needed" by excusing the Government and maintaining the disclosed communications under seal. Second, the Court gave the defendant a chance to decide whether he wished to pursue his claim by asking him during the sealed proceeding to reiterate whether he was asserting actual innocence. Finally, the Court maintained the privileged materials under seal, as it

8

represented that it would, until the defendant himself requested otherwise in his March 23, 2020 letter.

Thus, the Court's order finding a limited implied waiver of attorney-client privilege was proper. Neither the Court's order nor Kirton's compliance with it rendered his assistance at the hearing ineffective. Indeed, he zealously defended the attorney-client privilege by insisting that the Court make its order clear and explicit. Id. at 9 ("I'm not at liberty to discuss my prior discussions with my client on the record unless ordered to by the Court. His answers are what they are."); id. at 11 (sealed) ("Are you ordering me to tell you, Judge? I'd prefer it if you actually order me."). Moreover, even after the Court ordered Kirton to defend himself by disclosing attorney-client communications, Kirton presented his conversations with his client in a manner apparently designed to protect his client. E.g., id. at 13 (sealed) ("But putting all that aside, [Y]our Honor, I think much of it has to do with his almost terror of being separated from his family . . . . I don't think it's his fault. I'm just giving the Court a sense of how our conversations have been.").

For these reasons, the Court finds that Kirton's representation of Concepcion exceeded the standard imposed by the

9

Sixth Amendment. The Court rejects Concepcion's first ground for vacatur of his sentence.[3]

Concepcion's two other arguments lack even a colorable basis in the law and must be swiftly rejected. Concepcion asserts that he received ineffective assistance of counsel because counsel "fail[ed] to recommend that the judge i[n] this case recuse himself for commenting upon the standard of counsel's assistance during court proceedings." ECF No. 80, at 5. However, the Court had a duty to assure itself that Concepcion received constitutionally adequate representation. The Court's findings on that point were necessary to the fairness of the change-of-plea hearing.

Finally, Concepcion argues that the original indictment was invalid because it was "neither filed nor returned by the Grand Jury in open court as required by law," ECF No. 81, at 1, and that his waiver of indictment prior to pleading guilty to the superseding information was "not binding" because indictment is prerequisite to jurisdiction and non-waivable, id. at 2.

This argument is frivolous. The original indictment was returned by a grand jury and filed in open court before Magistrate Judge Netburn. ECF No. 5. Before pleading guilty to the superseding information, Concepcion signed a waiver of indictment,

---

[3] At sentencing, Concepcion was represented by new, retained counsel. Concepcion alleges no facts to support a claim of ineffective assistance by his retained counsel.

ECF No. 37; see Change of Plea Hearing Tr., ECF No. 48, at 29. And the propriety of waivers of indictment is beyond cavil. <u>United States v. Ferguson</u>, 758 F.2d 843, 850 (2d Cir. 1985) ("[A] defendant may waive the . . . personal right of indictment by a grand jury.").

For the foregoing reasons, Concepcion's motions to vacate, set aside, or correct his sentence (ECF Nos. 80, 81) are denied.

SO ORDERED.

Dated: New York, NY
September 18, 2020

_____
JED S. RAKOFF, U.S.D.J.

11